*81 OPINION OF THE COURT
Per Curiam.
By order of the Supreme Judicial Court for Suffolk County in the Commonwealth of Massachusetts entered October 10, 2008, and effective 30 days later, the respondent was suspended from the practice of law in Massachusetts for a period of two years, after a hearing and upon the recommendation of the Board of Bar Overseers filed by the Board on September 11, 2008. The court issued explicit directives to the respondent with respect to winding down his practice, resigning all appointments as guardian, executor, administrator, trustee, or other fiduciary, notifying all appropriate parties, disposing of all client and fiduciary funds, and providing proof of compliance with all court directives.
In January 2003 the respondent telephoned an insurance adjuster’s supervisor and, without identifying himself personally, said that he was an officer of the court who overheard a judge say that he was appalled that the insurer had made only one offer to settle a particular claim that was the subject of an unfair settlement practice case on trial before the judge. The respondent related the judge as saying that the insurer was going to get “hammered.” The respondent told the supervisor that the insurer should consider itself warned and advised settlement of the case at bar. The respondent had a similar case involving the same insurer. He telephoned the adjuster in his case the next day to say that the insurer would lose the case.
The insurer moved for a mistrial in the case and traced the telephone call to the respondent’s law office. The respondent left a message on the judge’s answering machine that he would attend the continued hearing on the motion for a mistrial because he wanted to testify that he had been misunderstood. The judge decided that he would allow the motion for a mistrial, cancel the hearing, and recuse himself from the case. The respondent left another message for the judge to the effect that the allegations against him were incredible and he wanted to straighten out the record.
The hearing committee found that the respondent intended to dissuade the judge from declaring a mistrial and fabricated information about the judge’s impressions of the trial in an attempt to influence the insurer’s decision in his pending case. The respondent was found to have engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation and conduct prejudicial to the administration of justice inasmuch as the matter *82 ultimately resulted in a mistrial. The respondent’s ex parte telephone calls to the judge and attempts to influence him were found to constitute violations of Massachusetts Rules of Professional Conduct rule 3.5 (a) and (b).
The second charge against the respondent emanated from his refusal in June 2004 to turn over, within a reasonable time after being discharged, the clients’ flies to successor counsel in a contingent fee case and his intemperate and vulgar conduct toward successor counsel.
Aggravating factors cited by the Massachusetts court included the respondent’s prior discipline by public reprimand for intemperate remarks during mediation and his use of vulgar and insulting language intended to disrupt a tribunal; the respondent’s substantial experience practicing law; and his lack of appreciation of the fundamental ethical responsibilities of an attorney. Based on the discipline imposed in “qualitatively similar cases” in Massachusetts, the Supreme Judicial Court suspended the respondent for a period of two years.
Although served with notice pursuant to 22 NYCRR 691.3 on January 8, 2009, the respondent has failed to assert any of the enumerated defenses or to request a hearing. Accordingly, there is no impediment to the imposition of reciprocal discipline at this juncture.
Under the circumstances, the petitioner’s application to impose reciprocal discipline is granted and the respondent is suspended for a period of two years based upon the discipline imposed upon him in Massachusetts.
Prudenti, P.J., Mastro, Rivera, Spolzino and Chambers, JJ., concur.
Ordered that the petitioner’s application is granted; and it is further,
Ordered that pursuant to 22 NYCRR 691.3, the respondent, Jay M. Lipis, admitted as Jay Merrill Lipis, is suspended from the practice of law for two years, commencing September 4, 2009, and continuing until further order of this Court, with leave to apply for reinstatement no sooner than six months prior to the expiration of the said period of two years, upon furnishing satisfactory proof that during said period he (1) refrained from practicing or attempting to practice law, (2) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10), (3) complied with *83 the applicable continuing legal education requirements of 22 NYCRR 691.11 (c) (2); and (4) otherwise properly conducted himself; and it is further,
Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Jay M. Lipis, admitted as Jay Merrill Lipis, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
Ordered that if the respondent, Jay M. Lipis, admitted as Jay Merrill Lipis, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).